The opinion of the court was delivered by
Gtbson, J,
In the five errors assigned in this cause, there are, in reality, but two points. Meyers, the testator of the defendant, when intoxicated, as it is supposed, had subscribed twenty-five shares of the stock of the corporation that prosecutes this action; and for which, supposing himself to have been imposed on, he refused to pay. An action was commenced against him, pending which, a compromise was effected, and articles of agreement were-executed; by which it was covenanted, that Meyers should retain and pay for the shares subscribed by him, and that the parties should each pay a moiety of the costs incurred in the action then pending; and on these articles the present action is brought. The defendants pleaded non est factum, covenants performed, and the pendency of another action for the same cause; and at the trial, *125 offered evidence of circumstances relating exclusively to the original subscription; which, after objection by the plaintiffs, was permitted to go to the jury. Nothing can be clearer, than that this evidence, having no relátion to the issues, was incompetent. What operation'a recurrence to the original grounds of controversy, which had been compromised, could have on the technical question of the articles, to which the defendants’ pleas had regard, except to mislead the jury by their prejudices, I am at a loss to discover. If there were fraud or unfair practice, at the execution of the articles, that would be material; and evidence of it, competent at least, if it were specially pleaded. But the evidence related to a period long anterior to the compromise; and there is error in. the admission of it.
Then, as to the other point. The defendants, having pleaded the pendency of the suit founded on the original subscription, in abatement, the plaintiffs produced the record; by which it appeared, that suit had been ended by the agreement of the parties; and, to rebut this, the defendants offered to prove, that neither Meyers nor his counsel had assented to the entry, but that it had been made by direction of the court, and against their will, as openly expressed at the time. This' evidence was objected to, but admitted. Now, beside the consideration that the record imported absolute verity, and was not to be explained away by extrinsic proof, the evidence offered, proved nothing. Take it that the defendant did object to the entry, still it was made, and, in fact, put an end to the suit. But the plaintiffs had a right to end their suit without the consent of the defendant; and this particular entry, no matter whether it were made with a fraudulent intent or not, would have the effect of precluding the plaintiffs from ever prosecuting it afterwards. Now, this was the only material fact connected with the record; and the court, after ascertaining that the former suit was at an end, should have gone no farther: for it was altogether immaterial to inquire, how it came to be at an end, or whether by the consent of the defendant or not. For these reasons, the judgment is reversed, and a venire facias de novo awarded.
Judgment reversed and a venire de novo awarded.